UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Civil No. 11-808 (PAM/TNL)

Yatau Her,

    Plaintiff,

**MEMORANDUM OPINION & ORDER**

v.

Paul Paulos, *et al.*,

    Defendants.

Yatau Her, Waupun Correctional Institution, P.O. Box 351, 200 S. Madison Street, Waupun, Wisconsin 53963, *pro se* Plaintiff; and

Portia M. Hampton-Flowers, **ST. PAUL CITY ATTORNEY'S OFFICE**, 15 W. Kellogg Boulevard, Suite 750, St. Paul, Minnesota 55102, for Defendants.

This matter is before the Court, United States Magistrate Judge Tony N. Leung, on Plaintiff Yatau Her's Motion for Leave to File an Amended Complaint (Doc. No. 37), Motion to Reopen Discovery (Doc. No. 35), and Motion to Compel (Doc. No. 40).

**I. FACTS**

Plaintiff is a prisoner at the Waupun Correction Institution in Waupun, Wisconsin. (Compl.) He filed this civil rights action arising out of his February 23, 2005 arrest in St. Paul, Minnesota. (*Id.* ¶ 1.)

According to the Complaint, police officers entered the area of 1564 Ames, St. Paul, Minnesota, in an attempt to arrest Plaintiff on an outstanding warrant. (*Id.*) A struggle ensued, and "Defendants Paulis [*sic*] and Longen engaged in the pursuit of [Plaintiff], who was on foot, while in their squad car . . . ." (*Id.* ¶ 3.) Defendants Paulos and Longen saw Plaintiff throw a gun during the pursuit and subsequently struck him with their squad car. (*Id.* ¶ 4.) "Defendant's Paulis [*sic*] and Longen then exited their squad car and proceeded to punch and kick the plaintiff while he laid face down on the ground." (*Id.* ¶ 5.) Defendants Pacolt and Herschmann came to assist the other officers. (*Id.* ¶¶ 7-9). While Plaintiff remained face down, Defendants assaulted him and dragged him to the back of the squad car. (*Id.* ¶ 12.) Plaintiff claims he did not actively resist arrest. (*Id.* ¶ 14.)

Based on the above allegations, Plaintiff filed the instant suit against Defendants Paulos, Longen, Pacolt, Herschman, multiple John Does, the City of St. Paul, and the St. Paul Police Department in December 2010, alleging that his civil rights were violated during his arrest. (Compl.) He asserts claims for excessive force, failure to protect, unconstitutional custom of excessive force, unconstitutional failure to train and discipline, violations of the Minnesota Human Rights Act, and violations of the Minnesota Government Data Practices Act. (Compl. ¶¶ 15-39.) Plaintiff seeks nominal, compensatory and punitive damages. (*Id.* at 8.)

## II. PROCEDURAL HISTORY

This Court issued a Pretrial Schedule Order on June 17, 2011. (Docket No. 14.) This Order provided that: (1) the period for discovery would terminate on October 16,

2011; (2) the deadline for motions to amend the pleadings was September 16, 2011; (3) the deadline for non-dispositive motions was November 16, 2011; and (4) the deadline for dispositive motions was December 16, 2011. (*Id.*) Plaintiff served Defendants with interrogatories and document requests in July 2011, in response to which Defendants provided written responses saved on a disc on September 23, 2011.

Plaintiff wrote Defendants, informing them that he was a prisoner representing himself *pro se* and requesting paper copies of their production. Defendants responded that they would produce paper discovery only if Plaintiff would pay $124 for the production. On February 1, 2012, Plaintiff filed a supplemental Motion to Compel, seeking paper copies of Defendants' discovery production because, as an indigent prisoner proceeding *pro se*, he did not have the resources to view the contents of the disc. (Docket No. 24.) This Court granted Plaintiff's Motion to Compel on June 7, 2012, finding that "Her, an indigent prisoner proceeding *pro se*, diligently sought discovery from Defendants, whose conduct prevented Her from obtaining discovery needed to prosecute this action." (Docket No. 29 at 3.) This Order extended the non-dispositive motion deadline to July 30, 2012, and the dispositive motion deadline to September 30, 2012. (*Id.*) Discovery, however, remained closed. (*Id.*)

Defendants produced paper copies of their discovery responses to Plaintiff on June 14, 2012. On July 5, 2012, Plaintiff wrote Defense Counsel requesting two missing pages and further information in response to several new requests. Defendants provided the missing pages, photographs, and other documents that Plaintiff requested. (*See* Docket No. 52.) Defendants withheld internal affairs documents that Plaintiff requested,

3

stating that they were prevented from doing so by the Minnesota Government Data Practices Act. (*Id.* Ex. C.)

On July 31, 2012, Plaintiff filed an Amended Complaint with the Court. (Docket No. 33.) He included in this filing a request to extend discovery 60 days. (*Id.*) By Order on August 3, 2012, this Court determined that Plaintiff neither moved for leave to file an Amended Complaint nor offered any argument that good cause existed to justify deviating from the scheduling order. Order Opinion, August 3, 2012 (Docket No. 34), at 2. Accordingly, Plaintiff's First Amended Complaint was denied. *Id.* at 3.

In the same Order Opinion, this Court noted that Plaintiff's request for an extension of time in which to complete discovery did not meet the requirements for a motion that the Court had provided in earlier Orders. *Id.* at 2; *see also* Memorandum and Order Adopting the Report and Recommendation, June 26, 2012 (Docket No. 34), at 2 (stating that if Defendants fail to comply with discovery orders, Plaintiff "may bring additions motions to compel or . . . motions for contempt."). The Court found that Plaintiff's July 31, 2012 request was neither a Motion to Compel nor a Motion for Contempt and noted that Defendants had seemingly complied with this Court's earlier orders. *Id.* Plaintiff's request for an extension of time in which to complete discovery was denied without prejudice. *Id.*

On September 17, 2012, Plaintiff filed three Motions: (1) Motion for Leave to Amend the Complaint (Docket No. 37); (2) Motion to Reopen Discovery (Docket No. 35); and (3) Motion to Compel Discovery (Docket No. 40).

4

## III. DISCUSSION

### A. Motion for Leave to Amend the Complaint

Plaintiff moves for leave to amend his Complaint, arguing that the Court incorrectly applied the stricter standard of Rule 16(b) to his earlier motion rather than the more liberal standard of Rule 15(a), and that the Motion should be granted under either standard. His proposed changes to the Complaint are essentially two-fold: (1) to reflect the changes resulting from Judge Magnuson's Order dismissing several of his claims (*see* Docket No. 32); and (2) identifying a John Doe Defendant by name that Plaintiff was able to identify upon receiving discovery in order to add specificity to his claim under the Minnesota Government Data Practices Act, Minn. Stat. §§ 13.01 *et seq.* ("MGDPA"). Defendants argue that the Motion is untimely and therefore should be denied, and that the statute of limitations has expired on the proposed claims against Tom Smith, the recently identified Defendant. The deadline for motions to amend the pleadings was July 30, 2012, and Plaintiff filed this Motion and supporting papers on September 17, 2012.

"When a party moves for leave to amend outside the district court's scheduling order, Fed. R. Civ. P. 16(b), not the more liberal standard of Fed. R. Civ. P. 15(a), governs and requires the party to show good cause to modify the schedule." *Morrison Enters., LLC, v. Dravo Corp.*, 638 F.3d 594, 610 (8th Cir. 2011). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Id.* (quoting *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716-17 (8th Cir. 2008)). A motion for leave to amend is appropriately denied where "there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment." *Sherman*, 532 F.3d at 715 (quoting *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)). Whether leave to amend should be granted "is a matter within the discretion of the trial court." *In re Cessna Distrib. Antitrust Litig.*, 532 F.2d 64, 68 (8th Cir. 1976).

At the outset, Plaintiff's argument that his Motion should be granted to reflect the changes resulting from the Court's previous order dismissing several claims is unconvincing. Although under Rule 15(a)(2) the Court "should freely give leave [to amend] when justice so requires," because the deadline set in the Pretrial Scheduling Order has passed, Plaintiff must meet the higher Rule 16(b)(4) threshold of "good cause," which he fails to do. Justice does not require a complaint to be amended each time a claim is dismissed.

Plaintiff also argues that his unfamiliarity with the law and federal motion practice is sufficient "good cause" to grant his motion. The Court notes that Plaintiff did attempt to file an Amended Complaint before the deadline, but that filing did not conform to the rules of this Court and it was dismissed without prejudice. *See* Docket No. 34. Generally, courts grant leeway to *pro se* litigants to compensate for their unfamiliarity with the practice of law and their lack of legal expertise. *See, e.g.*, *Tyler v. Salazar*, File No. 10-cv-1161 (JNE/LIB), 2012 WL 3113866, at *9 (D. Minn. June 27, 2012), *adopting report and recommendation*, 2012 WL 3113186 (D. Minn. July 31, 2012). Plaintiff's Motion, however, must be denied because his proposed amendments would be futile.

6

*See, e.g.*, *Thunander v. Uponor, Inc.*, --- F. Supp. 2d ---, No. 11-cv-2322 (SRN/SER), 2012 WL 3430749, at *24 (D. Minn. Aug. 14, 2012).

According to his proposed amended complaint, Plaintiff seeks to add Chief Smith as a named defendant on Count Four, a claim asserting violation of the MGDPA. In his June 26, 2012 Order adopting this Court's Report and Recommendation, however, Judge Magnuson dismissed Plaintiff's MGDPA claim with prejudice. Docket No. 32. Amending a complaint to add a named Defendant on a claim that the court has already dismissed with prejudice does not "change the entire character of" Plaintiff's claims. *United States ex rel. Raynor v. Nat'l Rural Utils. Coop. Fin., Corp.*, 690 F.3d 951, 958 (8th Cir. 2012). The record remains devoid of any "evidence of [Plaintiff's] alleged emotional harm." Order, June 26, 2012 (Docket No. 34), at 3. Amending the Complaint to specify the individual he seeks to hold liable on a dismissed claim is futile. The same is true of the "added specificity" regarding Counts 1, 2, 3, and 4 that Plaintiff asserts the Amended Complaint contains. None of Plaintiff's proposed amendments change the character of his claims. Accordingly, Plaintiff's Motion for Leave to Amend the Complaint will be denied.

**B. Motion to Reopen Discovery**

Plaintiff also moves to reopen discovery for 60 days. He argues that Defendants' previous discovery production was insufficient because when he finally obtained Defendants' discovery documents in a form that he could access, it became apparent that further discovery was needed; however, it was too late to request further discovery according to the pretrial scheduling order.

"Once discovery has closed, it is within the district court's discretion whether or not to allow it to be reopened." *Philip v. Ford Motor Co.*, 328 F.3d 1020, 1024 (8th Cir. 2003) (citing *Boardman v. Nat'l Med. Enters.*, 106, F.3d 840, 843 (8th Cir. 1997)). The deadline set in the Prescheduling Order has passed, and therefore Plaintiff must show "good cause" to reopen discovery. *E.E.O.C. v. Hibbing Taconite Co.*, 266 F.R.D. 260, 265 (D. Minn. 2009) (Erickson, M.J.). This standard is "an exacting one, and requires a demonstration that the Scheduling Order 'cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (quoting *N. Star Mut. Ins. Co. v. Zurich Ins. Co.*, 269 F. Supp. 2d 1140, 1144 (D. Minn. 2003)). Whether good cause exists to modify the scheduling order does not turn on the existence or absence of prejudice to the non-moving party. *Id.* (citing *Luigino's Inc. v. Pezrow Cos.*, 178 F.R.D. 523, 525 (D. Minn. 1998)). Moreover, carelessness is incompatible with a finding of diligence and offers no reason to grant relief. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992).

Defendants argue that Plaintiff should not be allowed to reopen discovery because he did not file a motion requesting such relief before the non-dispositive motion deadline. That this Motion comes after the deadline, however, does not require the Court to deny it. "Pro se Plaintiffs are regularly granted significant leeway in this court which is designed to compensate pro se litigants' lack of legal expertise." *Tyler*, 2012 WL 3113866, at *9. The discovery deadline was originally October 16, 2011, and the non-dispositive-motion deadline was November 16, 2011. Because Defendants were unwilling to provide paper copies of discovery, Plaintiff did not receive Defendants' production until the Court

ordered it in late June, 2012. This Court extended the non-dispositive-motion deadline to July 31, 2012, and Plaintiff requested additional time to complete discovery by that date. This Court, however, determined that such request was not a formal motion and denied it without prejudice.

Despite the delay in Plaintiff's filing of the instant motion, the Court determines that more time to complete discovery is appropriate in this case. Defendants' earlier delay in producing discovery that Plaintiff could access denied him time to follow up on anything from his first discovery request. Plaintiff has diligently pursued discovery to the best of his abilities as a pro se litigant-prisoner. He requested an extension of discovery on July 31, 2012, *before* the deadline for non-dispositive motions had passed. The Court attributes the fact that his request did not meet the form of a motion required by the rules of this Court to Plaintiff's lack of legal experience rather than carelessness or any dilatory motive. In light of his earlier, timely request and Defendants' delay in producing discovery absent this Court's order, the Court determines that good cause exists to reopen discovery for a very limited time. Accordingly, Plaintiff's Motion to Reopen Discovery will be granted only to the extent that such discovery (1) was not reasonably known to Plaintiff until after Defendants produced paper copies of discovery documents pursuant to this Court's Order (Docket No. 29), or (2) is required pursuant to the Court's ruling on Plaintiff's Motion to Compel (Docket No. 40).

**C. Motion to Compel**

In light of the above, the Court must now address Plaintiff's Motion to Compel (Docket No. 40). Plaintiff argues that Defendants' discovery responses were inadequate

and seeks to compel production of additional documents and information, including investigations of 22 internal affairs complaints made against the individual Defendants and various performance reviews. Defendants do not dispute the existence of internal affairs files regarding Defendants Paulos, Longen, Pacolt and Herschmann; instead, they argue that the Motion should be denied because it was untimely and because the MGDPA prevents the Defendants from disclosing the requested information.

Federal Rule of Civil Procedure 26(b)(1) allows a party "to obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* As a result, "[r]elevancy, in the discovery context, is extremely broad" and a discovery request must be considered relevant "unless it is clear that the information sought has no bearing on the subject matter of the action." *Mead Corp. v. Riverwood Natural Res. Corp.*, 145 F.R.D. 512, 522 (D. Minn. 1992). Nonetheless, some threshold showing is necessary "before parties are required to open wide the doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." *Hofer v. Mack Trucks, Inc.*, 981 F.2d 377, 380 (8th Cir. 1992); *see Bredemus v. Int'l Paper Co.*, 252 F.R.D. 529, 532 (D. Minn. 2008) (stating "relevancy under Rule 26 is not without bounds").

As an initial matter, the Court finds Defendants' timeliness argument unpersuasive. Plaintiff's status as a *pro se* litigant and Defendants' earlier production of documents on a disc to an inmate militate in favor of granting the

Motion. With respect to Defendants' MGDPA argument, whether the requested information is private information under the MGDPA has no effect on the instant Motion. It is axiomatic that discovery in federal court is governed not by state rules or statutes, but by the Federal Rules of Civil Procedure. *See* 8 Charles A. Wright and Arthur R. Miller, *Federal Practice and Procedure* § 2005 (3d ed. 2010) ("[E]xcept for [discovery in aid of execution and questions of privilege] it is wholly settled that discovery in a federal court is governed only by these rules and that state discovery practices are irrelevant."). Defendants do not argue—and this Court's research has not uncovered any basis to conclude—that the MGDPA creates an evidentiary privilege in what it classifies as private data. Accordingly, Defendants may not refuse discovery requests where the information "is reasonably calculated to lead to the discovery of admissible evidence," Fed. R. Civ. P. 26(b)(1), on grounds that the MGDPA prevents its disclosure.

The requested internal affairs investigations and reprimands concerning the Defendant officers' earlier conduct—notably preventable car accidents and excessive-force complaints—are relevant to Plaintiff's excessive-force, custom-of-excessive-force and insufficient-training claims. Defendants have represented, and the Court has no reason to question such representations, that no crime-scene maps or documents responsive to Plaintiff's request for Internal Affairs Unit /Police-Civilian Internal Affairs Review Commission documents exist and the City's retention schedule has rendered some of the requested documents unavailable. To

the extent they exist and have not already been produced, the requested documents—including internal affairs documents—are relevant and discoverable.

Nonetheless, the Court is receptive to Defendants' concerns associated with producing sensitive governmental information in this litigation. The MGDPA works to balance the interests of the party seeking the data, the entity maintaining the data, and any person who has provided or is the subject of the data. This task is usually accomplished in federal court by a protective order under Rule 26(c). There is insufficient information before the Court, however, to appropriately balance these competing values at this time.

## V. CONCLUSION

Based on the record, memoranda and the foregoing, **IT IS HEREBY ORDERED:**

1. Plaintiff's Motion for Leave to File an Amended Complaint (Docket No. 37) is **DENIED;**

2. Plaintiff's Motion to Reopen Discovery (Docket No. 35) is **GRANTED** as follows:

    a. discovery shall remain open for 60 days from the date of this order only to the extent that such discovery

        i. was not reasonably known to Plaintiff until after Defendants produced paper copies of discovery documents following the Court's Order (Docket No. 29), or

        ii. is required pursuant to the Court's ruling on Plaintiff's Motion to Compel (Docket No. 40); and

    b. the Court will issue an Amended Pretrial Scheduling Order forthwith; and

3. Plaintiff's Motion to Compel (Docket No. 40) is **GRANTED IN PART** as follows:

   a. within ten days of the date of this Order, Defendants shall submit a proposed Protective Order governing the use, release and accessibility of the information described herein;

   b. the Court will subsequently issue a Protective Order and an Amended Pretrial Scheduling Order, setting forth the revised discovery schedule; and

   c. Plaintiff shall not commence additional discovery until receipt of both the Protective Order and the Amended Pretrial Scheduling Order issued by the Court.

4. All prior consistent orders remain in full force and effect.

5. Failure to comply with any provision of this Order or any other prior consistent Order shall subject the non-complying party, non-complying counsel and/or the party such counsel represents to any and all appropriate remedies, sanctions and the like, including without limitation: assessment of costs, fines and attorneys' fees and disbursements; waiver of rights to object; exclusion or limitation of witnesses, testimony, exhibits, and other evidence; striking of pleadings; complete or partial dismissal with prejudice; entry of whole or partial default judgment; and/or any other relief that this Court may from time to time deem appropriate.

**IT IS SO ORDERED.**

Date: December 20, 2012

s/ *Tony N. Leung*
Tony N. Leung
United States Magistrate Judge
for the District of Minnesota

*Her v. Paulos, et al.*
File No. 11-cv-808 (PAM/TNL)